UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-00334 (TJK) |
| | : | |
| TARA AILEEN STOTTLEMEYER, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY
TO UNITED STATES' RESPONSE IN OPPOSITION TO
MOTION TO SET ASIDE CONVICTION AND SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

The United States submits this sur-reply to the Defendant's Reply to the United States' Response in Opposition to her Motion to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255. (ECF 149). For the first time in her reply, the Defendant argues that her plea was not knowing and intelligent because she did not have "real notice of the true nature of the charge". (ECF 149 at 2.) According to the Defendant, this invalidates the plea agreement as well as the collateral attack waiver therein. (*Id.* at 2-3.) Without the collateral attack waiver, the Defendant argues she is not barred from bringing this 28 U.S.C. § 2255 claim. The Defendant's sole argument is that her case is analogous to and should be treated like *Bousley v. United States*, 523 U.S. 614 (1988). (*Id.*) In *Bousley*, the defendant pled guilty to a crime where the statute was later reinterpreted. *Bousley*, 523 U.S. at 617-19. The defendant argued the plea was invalid because at the time of the plea he was misinformed as to the true nature of the charges. *Id.* The Court allowed the defendant to argue that he was actually innocent to overcome the procedural bar raised by bringing a 28 U.S.C. § 2255 claim. *Id.* at 624. If successful on the actual innocence argument, then the defendant's defaulted claim of an unintelligent plea could be considered on its merits. *Id*. The Defendant argues that she, like the defendant in *Bousley*, is entitled to bring this claim because

1

the scope of the charge to which she pled guilty was later changed by the Supreme Court making her plea not knowing and intelligent. *See Fischer v. United States*, 144 S. Ct. 2176 (2024). Her argument is that because she is challenging the plea the collateral attack waiver provision of the plea cannot be enforced.

*First,* the Defendant's plea agreement waives in no uncertain terms her right to bring a collateral attack in all but few circumstances. The Defendant does not allege that the collateral attack waiver was made unknowingly or involuntarily[1]. Nor could the Defendant plausibly raise this argument. As detailed in the government's initial response, the Defendant waived the right to bring a collateral attack both on paper and then later verbally confirmed her agreement under oath. (ECF 145 at 3-6, 9-11.) Instead, she argues that only her claim of guilt was not knowing because of the change in law. (ECF 149 at 3.) As outlined in the government's initial response, courts enforce collateral attack waivers in similar circumstances. *See Portis v. United States*, 33 F.4th 331, 334-36 (6th Cir. 2022); *Cook v. United States*, 84 F.4th 118 (2d Cir. 2023). If, as the Defendant argues, defendants could invalidate the collateral attack waivers any time there was a new development in law, such as later cases construing the relevant statutes, later constitutional rulings, or decisions by Congress, the waiver would do very little, if any, work.

*Second*, *Bousley* does not support her argument. Unlike in *Bousley*, the Defendant waived her ability to collaterally attack her conviction and sentence except in limited circumstances not applicable here. This distinction between the Defendant's plea agreement and the plea agreement in *Bousley* is dispositive. *See Portis v. United States*, 33 F.4th 331, 336-37 (6th Cir. 2022) ("But

---

[1] Such a challenge is also untimely. The validity of the Defendant's collateral attack waiver was not changed by the Court's decision in *Fischer*—only, as she alleges, her plea of guilty to the pled to offense. If the Defendant wanted to argue that the collateral attack waiver was not voluntary or enforceable, she should have done so within a year of the judgment becoming final. 28 U.S.C. § 2255(f)(1). She does not explain why *now* the collateral attack waiver is involuntary.

2

a salient difference remains between that case and this one. Today's case involves defendants who agreed to waive collateral challenges to their convictions or sentences. That was not true in *Bousley*, and it is dispositive here."). As the Sixth Circuit found in *Portis* "*Bousley* [does not] mean that the collateral-attack waiver may not be enforced because it was unknowing. The Court held only that the guilty plea in that case was unknowing, not that a collateral-attack waiver would be unknowing or unenforceable. It is one thing to knowingly plead guilty to the elements of a crime; it is quite another to knowingly waive collateral challenges to a conviction." 33 F.4th at 337.

      The Defendant does not argue that her waiver of the collateral attack provision was not knowing and intelligent. The transcript of her plea colloquy explicitly contradicts that. Therefore, the provision should stand and the Defendant's motion to vacate under 28 U.S.C § 2255 should be dismissed.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Kathryn E. Bolas*
KATHRYN E. BOLAS
Assistant U.S. Attorney
NY Bar No. 5704234
United States Attorney's Office
601 D Street, NW
Washington, D.C. 20530
(202) 252-0872
Kathryn.Bolas@usdoj.gov